relevant documentation and the transfer of all operational responsibility of the Programme to the Authority;

17. *Requests further* that the Secretary-General transfer as soon as possible to the Development Fund for Iraq 1 billion United States dollars from unencumbered funds in the accounts established pursuant to paragraphs 8 (a) and 8 (b) of resolution 986 (1995), restore Government of Iraq funds that were provided by Member States to the Secretary-General as requested in paragraph 1 of resolution 778 (1992), and *decides* that, after deducting all relevant United Nations expenses associated with the shipment of authorized contracts and costs to the Programme outlined in paragraph 16 (c) above, including residual obligations, all surplus funds in the escrow accounts established pursuant to paragraphs 8 (a), 8 (b), 8 (d), and 8 (f) of resolution 986 (1995) shall be transferred at the earliest possible time to the Development Fund for Iraq;

18. *Decides* to terminate effective on the adoption of this resolution the functions related to the observation and monitoring activities undertaken by the Secretary-General under the Programme, including the monitoring of the export of petroleum and petroleum products from Iraq;

19. *Decides* to terminate the Committee established pursuant to paragraph 6 of resolution 661 (1990) at the conclusion of the six month period called for in paragraph 16 above and *further decides* that the Committee shall identify individuals and entities referred to in paragraph 23 below;

20. *Decides* that all export sales of petroleum, petroleum products, and natural gas from Iraq following the date of the adoption of this resolution shall be made consistent with prevailing international market best practices, to be audited by independent public accountants reporting to the International Advisory and Monitoring Board referred to in paragraph 12 above in order to ensure transparency, and *decides further* that, except as provided in paragraph 21 below, all proceeds from such sales shall be deposited into the Development Fund for Iraq until such time as an internationally recognized, representative government of Iraq is properly constituted;

21. *Decides further* that 5 per cent of the proceeds referred to in paragraph 20 above shall be deposited into the Compensation Fund established in accordance with resolution 687 (1991) and subsequent relevant resolutions and that, unless an internationally recognized, representative government of Iraq and the Governing Council of the United Nations Compensation Commission, in the exercise of its authority over methods of ensuring that payments are made into the Compensation Fund, decide otherwise, this requirement shall be binding on a properly constituted, internationally recognized, representative government of Iraq and any successor thereto;

22. *Noting* the relevance of the establishment of an internationally recognized, representative government of Iraq and the desirability of prompt completion of the restructuring of Iraq's debt as referred to in paragraph 15 above, further *decides* that, until December 31, 2007, unless the Council decides otherwise, petroleum, petroleum products, and natural gas originating in Iraq shall be immune, until title passes to the initial purchaser from legal proceedings against them and not be subject to any form of attachment, garnishment, or execution, and that all States shall take any steps that may be necessary under their respective domestic legal systems to assure this protection, and that proceeds and obligations arising from sales thereof, as well as the Development Fund for Iraq, shall enjoy privileges and

immunities equivalent to those enjoyed by the United Nations except that the above-mentioned privileges and immunities will not apply with respect to any legal proceeding in which recourse to such proceeds or obligations is necessary to satisfy liability for damages assessed in connection with an ecological accident, including an oil spill, that occurs after the date of adoption of this resolution;

23. *Decides* that all Member States in which there are:

(a) funds or other financial assets or economic resources of the previous Government of Iraq or its state bodies, corporations, or agencies, located outside Iraq as of the date of this resolution, or

(b) funds or other financial assets or economic resources that have been removed from Iraq, or acquired, by Saddam Hussein or other senior officials of the former Iraqi regime and their immediate family members, including entities owned or controlled, directly or indirectly, by them or by persons acting on their behalf or at their direction,

shall freeze without delay those funds or other financial assets or economic resources and, unless these funds or other financial assets or economic resources are themselves the subject of a prior judicial, administrative, or arbitral lien or judgement, immediately shall cause their transfer to the Development Fund for Iraq, it being understood that, unless otherwise addressed, claims made by private individuals or non-government entities on those transferred funds or other financial assets may be presented to the internationally recognized, representative government of Iraq; and *decides further* that all such funds or other financial assets or economic resources shall enjoy the same privileges, immunities, and protections as provided under paragraph 22;

24. *Requests* the Secretary-General to report to the Council at regular intervals on the work of the Special Representative with respect to the implementation of this resolution and on the work of the International Advisory and Monitoring Board and *encourages* the United Kingdom of Great Britain and Northern Ireland and the United States of America to inform the Council at regular intervals of their efforts under this resolution;

25. *Decides* to review the implementation of this resolution within twelve months of adoption and to consider further steps that might be necessary;

26. *Calls upon* Member States and international and regional organizations to contribute to the implementation of this resolution;

27. *Decides* to remain seized of this matter.

14307

Federal Register
Vol. 68, No. 56
Monday, March 24, 2003

# Presidential Documents

Title 3—

The President

Executive Order 13290 of March 20, 2003

## Confiscating and Vesting Certain Iraqi Property

By the authority vested in me as President by the Constitution and the laws of the United States of America, including the International Emergency Economic Powers Act (50 U.S.C. 1701 *et seq.*) (IEEPA), the National Emergencies Act (50 U.S.C. 1601 *et seq.*), and section 301 of title 3, United States Code, and in order to take additional steps with respect to the national emergency declared in Executive Order 12722 of August 2, 1990,

I, GEORGE W. BUSH, President of the United States of America, hereby determine that the United States and Iraq are engaged in armed hostilities, that it is in the interest of the United States to confiscate certain property of the Government of Iraq and its agencies, instrumentalities, or controlled entities, and that all right, title, and interest in any property so confiscated should vest in the Department of the Treasury. I intend that such vested property should be used to assist the Iraqi people and to assist in the reconstruction of Iraq, and determine that such use would be in the interest of and for the benefit of the United States.

I hereby order:

**Section 1.** All blocked funds held in the United States in accounts in the name of the Government of Iraq, the Central Bank of Iraq, Rafidain Bank, Rasheed Bank, or the State Organization for Marketing Oil are hereby confiscated and vested in the Department of the Treasury, except for the following:

(a) any such funds that are subject to the Vienna Convention on Diplomatic Relations or the Vienna Convention on Consular Relations, or that enjoy equivalent privileges and immunities under the laws of the United States, and are or have been used for diplomatic or consular purposes, and

(b) any such amounts that as of the date of this order are subject to post-judgment writs of execution or attachment in aid of execution of judgments pursuant to section 201 of the Terrorism Risk Insurance Act of 2002 (Public Law 107 297), provided that, upon satisfaction of the judgments on which such writs are based, any remainder of such excepted amounts shall, by virtue of this order and without further action, be confiscated and vested.

**Sec. 2.** The Secretary of the Treasury is authorized to perform, without further approval, ratification, or other action of the President, all functions of the President set forth in section 203(a)(1)(C) of IEEPA with respect to any and all property of the Government of Iraq, including its agencies, instrumentalities, or controlled entities, and to take additional steps, including the promulgation of rules and regulations as may be necessary, to carry out the purposes of this order. The Secretary of the Treasury may redelegate such functions in accordance with applicable law. The Secretary of the Treasury shall consult the Attorney General as appropriate in the implementation of this order.

**Sec. 3.** This order shall be transmitted to the Congress and published in the **Federal Register**.

THE WHITE HOUSE,
*March 20, 2003.*

[FR Doc. 03–7160
Filed 3–21–03; 10:06 am]
Billing code 3195–01–P

# Presidential Documents

**Executive Order 13315 of August 28, 2003**

## Blocking Property of the Former Iraqi Regime, Its Senior Officials and Their Family Members, and Taking Certain Other Actions

By the authority vested in me as President by the Constitution and the laws of the United States of America, including the International Emergency Economic Powers Act (50 U.S.C. 1701 *et seq.*) (IEEPA), the National Emergencies Act (50 U.S.C. 1601 *et seq.*), section 5 of the United Nations Participation Act, as amended (22 U.S.C. 287c) (UNPA), and section 301 of title 3, United States Code, in view of United Nations Security Council Resolution 1483 of May 22, 2003, and in order to take additional steps with respect to the situation in Iraq,

I, GEORGE W. BUSH, President of the United States of America, hereby expand the scope of the national emergency declared in Executive Order 13303 of May 22, 2003, to address the unusual and extraordinary threat to the national security and foreign policy of the United States posed by obstacles to the orderly reconstruction of Iraq, the restoration and maintenance of peace and security in that country, and the development of political, administrative, and economic institutions in Iraq. I find that the removal of Iraqi property from that country by certain senior officials of the former Iraqi regime and their immediate family members constitutes one of these obstacles. I further determine that the United States is engaged in armed hostilities and that it is in the interest of the United States to confiscate certain additional property of the former Iraqi regime, certain senior officials of the former regime, immediate family members of those officials, and controlled entities. I intend that such property, after all right, title, and interest in it has vested in the Department of the Treasury, shall be transferred to the Development Fund for Iraq. Such property shall be used to meet the humanitarian needs of the Iraqi people, for the economic reconstruction and repair of Iraq's infrastructure, for the continued disarmament of Iraq, for the costs of Iraqi civilian administration, and for other purposes benefiting the Iraqi people. I determine that such use would be in the interest of and for the benefit of the United States. I hereby order:

**Section 1.** Except to the extent provided in section 203(b)(1), (3), and (4) of IEEPA (50 U.S.C. 1702(b)(1), (3), and (4)), or regulations, orders, directives, or licenses that may be issued pursuant to this order, and notwithstanding any contract entered into or any license or permit granted prior to the effective date of this order, all property and interests in property of the former Iraqi regime or its state bodies, corporations, or agencies, or of the following persons, that are in the United States, that hereafter come within the United States, or that are or hereafter come within the possession or control of United States persons, are blocked and may not be transferred, paid, exported, withdrawn, or otherwise dealt in:

(a) the persons listed in the Annex to this order; and

(b) persons determined by the Secretary of the Treasury, in consultation with the Secretary of State,

(i) to be senior officials of the former Iraqi regime or their immediate family members; or

(ii) to be owned or controlled by, or acting or purporting to act for or on behalf of, directly or indirectly, any of the persons listed in the Annex to this order or determined to be subject to this order.

**Sec. 2.** The Secretary of the Treasury, in consultation with the Secretary of State, is authorized to confiscate property that is blocked pursuant to section 1 of this order and that he determines, in consultation with the Secretary of State, to belong to a person, organization, or country that has planned, authorized, aided, or engaged in armed hostilities against the United States. All right, title, and interest in any property so confiscated shall vest in the Department of the Treasury. Such vested property shall promptly be transferred to the Development Fund for Iraq.

**Sec. 3.** (a) Any transaction by a United States person or within the United States that evades or avoids, has the purpose of evading or avoiding, or attempts to violate any of the prohibitions set forth in this order is prohibited.

(b) Any conspiracy formed to violate any of the prohibitions set forth in this order is prohibited.

**Sec. 4.** For purposes of this order:

(a) the term "person" means an individual or entity;

(b) the term "entity" means a partnership, association, trust, joint venture, corporation, group, subgroup, or other organization;

(c) the term "United States person" means any United States citizen, permanent resident alien, entity organized under the laws of the United States or any jurisdiction within the United States (including foreign branches), or any person in the United States;

(d) the term "former Iraqi regime" means the Saddam Hussein regime that governed Iraq until on or about May 1, 2003;

(e) the term "coalition authority" means the Coalition Provisional Authority under the direction of its Administrator, and the military forces of the United States, the United Kingdom, and their coalition partners present in Iraq under the command or operational control of the Commander of United States Central Command; and

(f) the term "Development Fund for Iraq" means the fund established on or about May 22, 2003, on the books of the Central Bank of Iraq, by the Administrator of the Coalition Provisional Authority responsible for the temporary governance of Iraq and all accounts held for the fund or for the Central Bank of Iraq in the name of the fund.

**Sec. 5.** I hereby determine that the making of donations of the type specified in section 203(b)(2) of IEEPA (50 U.S.C. 1702(b)(2)) by or to persons determined to be subject to the sanctions imposed under this order would seriously impair my ability to deal with the national emergency declared in Executive Order 13303 and expanded in scope in this order and would endanger Armed Forces of the United States that are engaged in hostilities, and I hereby prohibit such donations as provided by section 1 of this order.

**Sec. 6.** For those persons listed in the Annex to this order or determined to be subject to this order who might have a constitutional presence in the United States, I find that because of the ability to transfer funds or other assets instantaneously, prior notice to such persons of measures to be taken pursuant to this order would render these measures ineffectual. I therefore determine that for these measures to be effective in addressing the national emergency declared in Executive Order 13303 and expanded in scope in this order, there need be no prior notice of a listing or determination made pursuant to section 1 of this order.

**Sec. 7.** The Secretary of the Treasury, in consultation with the Secretary of State, is hereby authorized to take such actions, including the promulgation of rules and regulations, and to employ all powers granted to the President by IEEPA and UNPA as may be necessary to carry out the purposes of this order. The Secretary of the Treasury may redelegate any of these functions to other officers and agencies of the United States Government, consistent with applicable law. All agencies of the United States Government

are hereby directed to take all appropriate measures within their authority to carry out the provisions of this order.

**Sec. 8.** The Secretary of the Treasury, in consultation with the Secretary of State, is authorized to determine, subsequent to the issuance of this order, that circumstances no longer warrant inclusion of a person in the Annex to this order and that such person is therefore no longer covered within the scope of the order.

**Sec. 9.** Nothing in this order is intended to affect the continued effectiveness of any rules, regulations, orders, licenses, or other forms of administrative action issued, taken, or continued in effect heretofore or hereafter under 31 C.F.R. chapter V, except as expressly terminated, modified, or suspended by or pursuant to this order.

**Sec. 10.** This order shall not apply to such property as is or may come under the control of the coalition authority in Iraq. Nothing in this order is intended to affect dispositions of such property or other determinations by the coalition authority.

**Sec. 11.** This order is not intended to, and does not, create any right or benefit, substantive or procedural, enforceable at law or in equity by any party against the United States, its departments, agencies, instrumentalities, or entities, officers or employees, or any other person.

**Sec. 12.** This order is effective on 12:01 a.m. EDT on August 29, 2003.

**Sec. 13.** This order shall be transmitted to the Congress and published in the **Federal Register**.



THE WHITE HOUSE,
*August 28, 2003.*

Billing code 3195–01–P

ANNEX

Saddam Hussein al-Tikriti
[DOB 28 Apr 1937; POB al-Awja, near Tikrit, Iraq; President since 1979; nationality Iraqi; a.k.a. Abu Ali]

Qusay Saddam Hussein al-Tikriti
[DOB 1965; alt. DOB 1966; POB Baghdad, Iraq; Saddam Hussein al-Tikriti's second son; oversaw Special Republican Guard, Special Security Organization, and Republican Guard; nationality Iraqi]

Uday Saddam Hussein al-Tikriti
[DOB 1964; alt. DOB 1967; POB Baghdad, Iraq; Saddam Hussein al-Tikriti's eldest son; leader of paramilitary organization Fedayeen Saddam; nationality Iraqi]

Abid Hamid Mahmud al-Tikriti
[DOB circa 1957; POB al-Awja, near Tikrit, Iraq; Saddam Hussein al-Tikriti's presidential secretary and key advisor; nationality Iraqi; a.k.a. Abid Hamid bid Hamid Mahmud; a.k.a. Col. Abdel Hamid Mahmoud; a.k.a. Abed Mahmoud Hammud]

Ali Hassan al-Majid al-Tikriti
[DOB 1943; POB al-Awja, near Tikrit, Iraq; presidential advisor and senior member of Revolutionary Command Council; nationality Iraqi; a.k.a. al-Kimawi]

Izzat Ibrahim al-Duri
[DOB circa 1942; POB al-Dur, Iraq; deputy commander-in-chief of Iraqi military; deputy secretary, Ba'th party regional command; vice chairman, Revolutionary Command Council; nationality Iraqi; a.k.a. Abu Brays]

Hani abd-al-Latif Tilfah al-Tikriti
[DOB circa 1962; POB al-Awja, near Tikrit, Iraq; Special Security Organization; nationality Iraqi]

Aziz Salih al-Numan
[DOB 1941; alt. DOB 1945; POB An Nasiriyah, Iraq; Ba'th party regional command chairman; nationality Iraqi]

Muhammad Hamza Zubaidi
[DOB 1938; POB Babylon, Babil Governorate, Iraq; former prime minister; nationality Iraqi]

Kamal Mustafa Abdallah
[DOB 1952; alt. DOB 4 May 1955; POB Tikrit, Iraq; Republican Guard Secretary; led Special Republican Guard and commanded both Republican Guard corps; nationality Iraqi; a.k.a. Kamal Mustafa Abdallah Sultan al-Tikriti]

Barzan abd al-Ghafur Sulaiman Majid al-Tikriti
[DOB 1960; POB Salah al-Din, Iraq; commander, Special Republican Guard; nationality Iraqi; a.k.a. Barzan Razuki abd al-Ghafur]

Muzahim Sa'b Hassan al-Tikriti
[DOB circa 1946; alt. DOB 1949; POB al-Awja, near Tikrit, Iraq; led Iraq's Air Defense Forces; Deputy Director, Organization of Military Industrialization; nationality Iraqi]

Ibrahim Ahmad abd al-Sattar Muhammed al-Tikriti
[DOB 1943; alt. DOB 1950; alt. DOB 1952; POB Ba'qubah or al-Sumayda/Shirqat, Iraq; armed forces chief of staff; nationality Iraqi]

Saif-al-Din Fulayyih Hassan Taha al-Rawi
[DOB 1953; POB Ar Ramadi, al-Anbar Governorate, Iraq; Republican Guard chief of staff; nationality Iraqi; a.k.a. Ayad Futayyih al-Rawi]

Rafi abd-al-Latif Tilfah al-Tikriti
[DOB circa 1954; POB Tikrit, Iraq; Director, Directorate of General Security; nationality Iraqi]

Tahir Jalil Habbush al-Tikriti
[DOB 1950; POB Tikrit, Iraq; director of Iraqi Intelligence Service; nationality Iraqi]

Hamid Raja Shalah al-Tikriti
[DOB 1950; POB Bayji, Salah al-Din Governorate, Iraq; air force commander; nationality Iraqi; a.k.a. Hamid Raja-Shalah Hassan al-Tikriti; a.k.a. Hamid Raja-Shalah Hassum al-Tikriti]

Latif Nusayyif Jasim al-Dulaymi
[DOB circa 1941; POB Ar-Rashidiya suburb of Baghdad, Iraq; Ba'ath party military bureau deputy chairman; nationality Iraqi]

Abd-al-Tawab Mullah Huwaysh
[DOB 1957; alt. DOB 14 March 1942; POB Mosul or Baghdad, Iraq; deputy prime minister; director, Organization of Military; nationality Iraqi]

Taha Yassin Ramadan al-Jizrawi
[DOB circa 1938; vice president since 1991; nationality Iraqi]

Rukan Razuki abd-al-Ghafur Sulaiman al-Tikriti
[DOB 1956; POB Tikrit, Iraq; head of Tribal Affairs Office in presidential office; nationality Iraqi; a.k.a. Rukan abdal-Ghaffur Sulayman al-Majid; a.k.a. Rukan abd al-Gafur al-Majid; a.k.a. Rukan abd al-Ghaffur al-Majid al-Tikriti; a.k.a. Rukan Razuqi abd al-Gahfur al-Majid; a.k.a. Rukan 'abd al-Ghaffur al-Majid al-Tikriti; a.k.a. Abu Walid]

Jamal Mustafa Abdallah Sultan al-Tikriti
[DOB 4 May 1955; POB al-Samnah, near Tikrit, Iraq; deputy head of tribal affairs in presidential office; nationality Iraqi]

Mizban Khadr Hadi
[DOB 1938; POB Mandali District, Diyala, Iraq; member, Ba'th party regional command and Revolutionary Command Council since 1991; nationality Iraqi]

Taha Muhyi-al-Din Ma'ruf
[DOB 1924; POB Sulaymaniyah, Iraq; Vice President; member of Revolutionary Command Council; nationality Iraqi]

Tariq Aziz
[DOB 1 Jul 1936; POB Mosul or Baghdad, Iraq; Deputy Prime Minister; Passport No. NO34409/129 (July 1997); nationality Iraqi; a.k.a. Tariq Mikhail Aziz]

 USG 001843

Walid Hamid Tawfiq al-Tikriti
[DOB circa 1950; POB Tikrit, Iraq; Governor of Basrah; nationality Iraqi; a.k.a. Walid Hamid Tawfiq al-Nasiri]

Sultan Hashim Ahmad al-Tai
[DOB circa 1944; POB Mosul, Iraq; Minister of Defense; nationality Iraqi]

Hikmat Mizban Ibrahim al-Azzawi
[DOB 1934; POB Diyala, Iraq; Deputy Prime Minister and Finance Minister; nationality Iraqi]

Mahmud Dhiyab al-Ahmad
[DOB 1953; POB Mosul or Baghdad, Iraq; Minister of Interior; nationality Iraqi]

Ayad Futayyih Khalifa al-Rawi
[DOB 1942; POB Rawah, Iraq; Quds Force Chief of Staff; nationality Iraqi]

Zuhair Talib abd-al-Sattar al-Naqib
[DOB circa 1948; Director, Military Intelligence; nationality Iraqi]

Amir Hamudi Hassan al-Sa'di
[DOB 5 Apr 1938; POB Baghdad, Iraq; presidential scientific advisor; Passport No. NO33301/862, issued 17 October 1997, expires 1 October 2005; Passport No. M0003264580; Passport No. H0100009, issued 1 May 2002; nationality Iraqi]

Amir Rashid Muhammad al-Ubaidi
[DOB 1939; POB Baghdad, Iraq; Minister of Oil; nationality Iraqi]

Husam Muhammad Amin al-Yassin
[DOB 1953; alt. DOB 1958; POB Tikrit, Iraq; head, National Monitoring Directorate; nationality Iraqi]

Muhammad Mahdi al-Salih
[DOB 1947; alt. DOB 1949; POB al-Anbar Governorate, Iraq; Minister of Trade; nationality Iraqi]

Sab'awi Ibrahim Hassan al-Tikriti
[DOB 1947; POB Tikrit, Iraq; presidential advisor; half-brother of Saddam Hussein al-Tikriti; nationality Iraqi]

Watban Ibrahim Hassan al-Tikriti
[DOB 1952; POB Tikrit, Iraq; presidential advisor; half-brother of Saddam Hussein al-Tikriti; nationality Iraqi; a.k.a. Watab Ibrahim al-Hassan]

Barzan Ibrahim Hassan al-Tikriti
[DOB 1951; POB Tikrit, Iraq; presidential advisor; half-brother of Saddam Hussein al-Tikriti; Passport No. M0001666/970; Passport No. NM0000860/114; Passport No. M0009851/1; nationality Iraqi]

Huda Salih Mahdi Ammash
[DOB 1953; POB Baghdad, Iraq; member, Ba'ath party regional command; nationality Iraqi]

Abd-al-Baqi abd-al-Karim Abdallah al-Sad'un
[DOB 1947; Ba'th party regional command chairman, Diyala; nationality Iraqi]

Muhammad Zimam abd-al-Razzaq al-Sa'dun
[DOB 1942; POB Suq ash-Shuyukh District, Dhi-Qar, Iraq; Ba'th party regional chairman, at-Tamim; nationality Iraqi]

Samir abd al-Aziz al-Najim
[DOB 1937; POB 1938, Baghdad, Iraq; Ba'th party regional command chairman, East Baghdad; nationality Iraqi]

Humam abd-al-Khaliq abd-al-Ghafur
[DOB 1945; POB ar-Ramadi, Iraq; Minister of Higher Education and Research; Passport No. M0018061/104, issued 12 September 1993; nationality Iraqi; a.k.a. Humam 'abd al-Khaliq 'abd al-Rahman; a.k.a. Humam 'abd al-Khaliq Rashid]

Yahia Abdallah al-Ubaidi
[Ba'th party regional command chairman, al-Basrah; nationality Iraqi]

Nayif Shindakh Thamir Ghalib
[Ba'th party regional command chairman, an-Najaf; member, Iraqi National Assembly; nationality Iraqi]

Saif-al-Din al-Mashhadani
[DOB 1956; POB Baghdad, Iraq; Ba'th party regional command chairman, al-Muthanna; nationality Iraqi]

Fadil Mahmud Gharib
[DOB 1944; POB Dujail, Iraq; Ba'th party regional command chairman, Babil; chairman, General Federation of Iraqi Trade Unions; nationality Iraqi; a.k.a. Gharib Muhammad Fazel al-Mashaikhi]

Muhsin Khadr al-Khafaji
[Ba'th party regional command chairman, al-Qadisiyah; nationality Iraqi]

Rashid Taan Kazim
[Ba'th party regional command chairman, al-Anbar; nationality Iraqi]

Ugla Abid Saqar al-Kubaysi
[DOB 1944; POB Kubaisi, al-Anbar Governorate, Iraq; Ba'th party regional command chairman, Maysan; nationality Iraqi; a.k.a. Saqr al-Kabisi abd Aqala]

Ghazi Hammud al-Ubaidi
[DOB 1944; POB Baghdad, Iraq; Ba'th party regional command chairman, Wasit; nationality Iraqi]

Adil Abdallah Mahdi
[DOB 1945; POB al-Dur, Iraq; Ba'th party regional command chairman, Dhi-Qar; nationality Iraqi]

Hussein al-Awadi
[Ba'th party regional command chairman, Ninawa; nationality Iraqi]

Khamis Sirhan al-Muhammad
[Ba'th party regional command chairman, Karbala; nationality Iraqi; a.k.a. Dr. Khamis]

Sa'd abd-al-Majid al-Faysal al-Tikriti
[DOB 1944; POB Tikrit, Iraq; Ba'th party regional command chairman, Salah al-Din; nationality Iraqi]

Note: The bracketed identifying information with respect to each person listed in this Annex reflects information recently available and is provided solely to facilitate compliance with this order. Each person listed in this Annex remains subject to the prohibitions of this order notwithstanding any change in title, position, or affiliation, unless and until such person is subject to a determination pursuant to section 8 of this order.

[FR Doc. 03–22543
Filed 9–2–03; 8:45 am]
Billing code 4810–25–C

THE WHITE HOUSE

WASHINGTON

MAY -1 PM 1:40

April 30, 2003

OSD
WHITE HOUSE SECTION

MEMORANDUM FOR THE SECRETARY OF DEFENSE

SUBJECT: Certain State- or Regime-Owned Property in Iraq

Pursuant to my authority under the Constitution as Commander in Chief of the Armed Forces, and consistent with the Authorization for Use of Military Force Against Iraq Resolution of 2002 (Public Law 107-243), I hereby confirm your authority to exercise all powers, consistent with the laws and usages of war, related to the seizure, sale, administration, or use of state- or regime-owned cash, funds, or realizable securities in Iraq. Property seized, sold, or administered under this memorandum shall be used only to assist the Iraqi people and support the reconstruction of Iraq, and such uses shall be consistent with the laws and usages of war.

You are directed, in consultation with the Secretary of the Treasury, the Secretary of State, and the Director of the Office of Management and Budget, to prescribe procedures to ensure that all property subject to this memorandum is appropriately accounted for, audited, and used only for the purposes specified herein.

Nothing in any prior Executive Order shall be construed to limit the authority herein confirmed, and nothing in this memorandum shall be construed to limit authorities that U.S. Armed Forces may otherwise exercise under the laws and usages of war.

W00484 /03

DEPUTY SECRETARY OF DEFENSE

1010 DEFENSE PENTAGON
WASHINGTON, DC 20301-1010

MAY 29 2003

MEMORANDUM FOR ADMINISTRATOR OF THE COALITION PROVISIONAL AUTHORITY

SUBJECT: Certain State- or Regime-Owned Property in Iraq

I hereby delegate to you the authority confirmed in the attached memorandum from the President, subject as above, dated April 30, 2003, regarding the seizure, sale, administration, or use of state or regime-owned property in Iraq.

Property taken under U.S. control under this delegation shall be held on behalf of and for the benefit of the Iraqi people, and shall be used only to assist the Iraqi people and support the reconstruction of Iraq. You may redelegate this authority in writing, and assign such duties and responsibilities in writing to other Department of Defense (DoD) officials as you deem necessary, and shall consider the feasibility of contracting out administrative functions related to your exercise of this authority, as appropriate and authorized by law.

The authority delegated herein shall be exercised in accordance with DoD procedures developed in consultation with the Department of the Treasury, the Department of State, and the Office of Management and Budget. These procedures shall ensure that all property subject to this delegation is appropriately accounted for, audited, and used only for the purposes specified herein. Under these procedures, DoD officials remain responsible for property under their control until the property is disbursed to recipients or to a non-DoD entity for distribution to recipients in accordance with safeguards that ensure the property will be (1) secured at all times; (2) used only for purposes authorized by law; (3) provided only to recipients who are entitled to such payments; and (4) subjected to appropriate accounting and auditing controls.

This delegation of authority shall expire 1 year following the date of this memorandum.

Paul Wolfowitz

Attachment:
As stated

cc: Chairman, Joint Chiefs of Staff

U07602 /03

USG 002271

DFI File 26.2

**COALITION PROVISIONAL AUTHORITY**
**BAGHDAD, IRAQ**

June 17, 2003

Mr. Dino Kos
Executive Vice President
Federal Reserve Bank of New York
33 Liberty Street
New York, NY 10045

Dear Mr. Kos

Pursuant to the authority vested in me by the President of the United States, and as Administrator of the Coalition Provisional Authority (the "CPA") responsible for the temporary governance of Iraq, I hereby request that the Federal Reserve Bank of New York (the "Bank") open and maintain an account on its books for the Central Bank of Iraq, entitled "Central Bank of Iraq/Oil Proceeds Receipts Account" (the "Receipts Account").

I acknowledge and agree that the Receipts Account shall be governed by the Bank's standard terms and conditions pertaining to accounts of foreign central banks and governments, to the extent consistent with the law and usages of war. Unless otherwise instructed by myself (or another individual authorized by me) once the Bank and I (or another individual authorized by me) have agreed on a communications protocol for conveying instructions concerning the Receipts Account, all funds received in the Receipts Account shall be transferred from the Receipts Account to the following two accounts in the ratios specified: ninety-five percent of such funds to the Central Bank of Iraq/Development Fund for Iraq established on the Bank's books in accordance with my letter to you dated May 17, 2003, (Account # [redacted]), and five percent of such funds to the United Nations Compensation Fund established in accordance with UNSC Resolution 687 (1991) on the books of [redacted] Bank, New York (ABA Routing # [redacted], Account # [redacted], Reference: Iraqi Oil - UNSCR 1483 (2003)). Such transfers shall be effected without further instructions before the end of the business day of receipt, or as soon thereafter as practicable in accordance with standard banking practices.

In the event any funds cannot be immediately transferred from the Receipts Account as instructed above, I hereby request that any funds remaining in the Receipts Account be continuously reinvested in the Bank's United States government securities repurchase facility, in United States Treasury Bills, or in the Bank's overnight federal funds placement facility until they can be transferred. Any proceeds from such investments should be transferred in the same ratios and to the same accounts as instructed above.

USG 002272