**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| LAUDES CORPORATION,<br>Plaintiff,<br>v.<br>THE UNITED STATES,<br>Defendant. | No. 07-4C<br>(Judge Wheeler) |

PLAINTIFF'S MOTION FOR LEAVE TO FILE A SURREPLY

Pursuant to RCFC 7(b)(1), Plaintiff moves for leave to file a surreply to Defendant's reply brief in support of it's Motion for Partial Dismissal, or, in the Alternative, for Partial Summary Judgment, in order to respond to the following legal arguments which could have been, but were not made by Defendant in it's opening brief:

1. "[N]o valid implied-in-fact contract to add money to the Phase I contract could have been created after the signing of the Phase I contract. This is because there would have been no consideration." Def. Reply Brief, p.4.
2. "Laudes Was Aware Of The Imminent Replacement Of The CPA By The IIG." Def. Reply Brief, p.12.
3. "The Doctrine Of Sovereign Acts Governs The Transfer Of Responsibility From The CPA To The IIG." Def. Reply Brief, pp.13.
4. "[T]he express contract trumps the alleged implied-in-fact contracts [entered into after the express contract] over the same subject matter." Def. Reply Brief, p.16.

5. "Here, however, Laudes only performed the Phase I contract." Def. Reply Brief, p. 20
6. "Because Laudes seeks to use estoppel as an affirmative cause of action in count VI of its complaint, it must be asserting promissory estoppel and this Court should dismiss the claim." Def. Reply Brief, p.21.
7. "If the United States engaged in fraud in the inducement such that the Phase I contract were set aside as void, as Laudes demands, see Comp. ¶244, then there is no contractual basis for the Court's jurisdiction." Def. Reply Brief, p.23.
8. "Although it is true that publication of CPA Memorandum 15 upon the CPA's website is not the same as publication in the United States Federal Register, there is no reason that such a posting should not have the same effect." Def. Reply Brief, p.25.

These assertions are all new legal arguments to which Plaintiff has not had an opportunity to respond. Each of these arguments could have been made by Defendant in Defendant's opening brief. Had Defendant done so, Plaintiff would have had an opportunity to respond to them. Because Defendant makes these arguments for the first time in its reply brief, Plaintiff respectfully seeks leave to briefly address these new arguments in a surreply.

DATED this 6th day of August, 2007.

Respectfully submitted,

LAUDES CORPORATION

By:__s/Mark G. Jackson
Mark G. Jackson, WSBA #18325

GARVEY SCHUBERT BARER
1191 Second Avenue, Suite 1800
Seattle, Washington 98101
(206) 464-3939
(206) 464-0125 – fax

Counsel of Record for
LAUDES CORPORATION