# In the United States Court of Federal Claims

No. 07-4C

(Filed: May 11, 2009)

(Unpublished)

```
*******************************  *
                                 *
LAUDES CORPORATION,              *
                                 *
                Plaintiff,       *
                                 *
 v.                              *
                                 *
THE UNITED STATES,               *
                                 *
                Defendant.       *
                                 *
*******************************  *
```

*Mark G. Jackson*, Ball Janik LLP, Seattle, Washington, for Plaintiff.

*J. Reid Prouty*, with whom were *Michael F. Hertz*, Assistant Attorney General, *Jeanne E. Davidson*, Director, and *Franklin E. White, Jr.*, Assistant Director, United States Department of Justice, Commercial Litigation Branch, Civil Division, Washington, D.C., for Defendant.

OPINION AND ORDER
ON DEFENDANT'S MOTION TO DISMISS

WHEELER, Judge.

This case involves two contracts entered into by Plaintiff Laudes Corporation ("Laudes") to provide life support services for students during construction and early operation of the Baghdad Public Safety Officer's Academy ("BPSA") in Iraq. The first contract (known as Phase I) was executed on June 20, 2004 with the Coalition Provisional Authority ("CPA"), a temporary governmental entity established by the United States and its coalition partners after the fall of Saddam Hussein's regime in Iraq, and transferred to the Iraqi Interim Government upon the CPA's dissolution on June 28, 2004. The second contract (known as Phase II) was entered into on August 5, 2004 with the United States, through the Joint Contracting Command ("JCC"), to provide life support services beyond the Phase I

Contract requirements to accommodate an increase in the student population at the BPSA. The Phase II Contract was funded with appropriated funds of the United States, but the Phase I Contract was not.

On January 4, 2007, Plaintiff filed a Complaint in the Court of Federal Claims seeking compensation for costs incurred above and beyond the limits set forth in the two contracts.[1] Defendant subsequently filed a motion to dismiss all claims relating to the Phase I Contract, pursuant to Rules 12(b)(1), 12(b)(6), and 56 of the Court of Federal Claims ("RCFC"). On October 16, 2008, the Court granted Defendant's motion for partial dismissal after concluding that it lacked subject matter jurisdiction over the Phase I Contract because the contract was not funded with United States appropriated funds. See Laudes Corp. v. United States, 84 Fed. Cl. 298 (2008). Plaintiff filed a third Amended Complaint on December 23, 2008 alleging three counts: (1) breach of the Phase II Contract for failure to modify the contract to compensate Plaintiff for costs incurred in performing work beyond the ceiling price; (2) abuse of discretion in wrongly evaluating certain of Plaintiff's costs under the Phase I Contract when the JCC only had authority to request definitization under the Phase II Contract; and (3) breach of an implied-in-fact contract to modify the Phase II Contract to add additional United States appropriated funds to the contract beyond the ceiling price.

On January 27, 2009, Defendant filed a motion to dismiss the majority of the claims in Plaintiff's third Amended Complaint for failure to state a claim upon which relief can be granted, pursuant to RCFC 12(b)(6). The core of Defendant's argument is that Plaintiff's third Amended Complaint is "an attempt to nullify the results of this Court's earlier ruling . . ." dismissing claims related to the Phase I Contract by shifting the claims to the Phase II Contract. Def.'s Brief at 2. Accordingly, Defendant seeks dismissal of all of count 1, those parts of count 2 related to performance of the Phase I Contract, and all of count 3. Plaintiff filed its response on February 26, 2009, and Defendant replied on March 26, 2009. The Court heard oral argument on Defendant's motion to dismiss on May 5, 2009.

It is well-settled that a complaint should be dismissed under RCFC 12(b)(6) "when the facts asserted by the claimant do not entitle him to a legal remedy." Lindsay v. United States, 295 F.3d 1252, 1257 (Fed. Cir. 2002). When considering a motion to dismiss for failure to state a claim upon which relief may be granted, the Court "must accept as true all the factual allegations in the complaint, . . . and [the Court] must indulge all reasonable inferences in favor of the non-movant . . . ." Sommers Oil Co. v. United States, 241 F.3d 1375, 1378 (Fed. Cir. 2001) (citations omitted); see also Huntleigh USA Corp. v. United States, 63 Fed. Cl. 440, 443 (2005), reconsideration denied, 65 Fed. Cl. 178 (2005) (citation

---

[1] Plaintiff filed an Amended Complaint on April 10, 2007 and a second Amended Complaint on May 14, 2007.

omitted).  While detailed factual allegations in the complaint are not necessary, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted).  The test is whether Plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face" rather than merely conceivable.  Id. at 570.

The Court concludes that Plaintiff has alleged sufficient facts to state a claim to relief that is at least plausible on its face.  Plaintiff's third Amended Complaint essentially advances the valid legal theory of constructive change, in which a contractor seeks compensation for work performed beyond the contract requirements at the Government's request but not subject to an express change order.  Defendant argues that Plaintiff has failed to state a claim upon which relief can be granted because the costs for which Plaintiff seeks reimbursement are allocable to the Phase I Contract, over which this Court previously ruled it lacks subject matter jurisdiction.  In order to rule in Defendant's favor on a 12(b)(6) motion to dismiss, the Court must address each alleged cost and determine the contract with which it is associated.  However, neither party has identified for the Court the precise costs incurred or the reason for each cost at this point in the litigation.  Therefore, the Court must accept as true the factual allegations in the third Amended Complaint linking the costs incurred to the Phase II Contract.  See Sommers Oil Co., 241 F.3d at 1378 (citations omitted).  Based on the foregoing, the Court cannot say that Plaintiff has failed to advance factual assertions that, if true, would entitle it to relief.

Accordingly, Defendant's motion to dismiss is DENIED.  Defendant shall file an Answer to Plaintiff's third Amended Complaint on or before June 10, 2009.  Counsel for the parties shall submit a Joint Preliminary Status Report in conformance with RCFC Appendix A, Part III, not later than June 30, 2009, indicating a proposed schedule leading to trial.

IT IS SO ORDERED.

s/ Thomas C. Wheeler
THOMAS C. WHEELER
Judge
